## GEORGE S. SMITH *et al.*

*v.*

## PERRY FRAZER *et al.*

1. EVIDENCE—*variance—error must be shown.* Where it is assigned for error that there was a variance between the bond declared on and that offered in evidence, the court can not say that the error exists when, from any cause, the bond is not copied into the bill of exceptions. It is not enough that error is alleged, but it must be shown to exist before a reversal will be had.

2. TRANSCRIPT—*authentication by a justice of the peace.* Where the certificate of a justice of the peace to his transcript was in these words, "That the foregoing transcript and papers contain a full statement of all the proceedings had before me," although not in the language of the statute, still it is, in substance, sufficient.

3. EVIDENCE—*judgment—variance.* Where a declaration averred, in a suit on an appeal bond, that the defendants had not paid the judgment recovered before the justice, nor the costs of the circuit court on the dismissal of the appeal, amounting to $11.45—the fee bills showed $11.05 costs in the justice's court, and $7.45 in the circuit court—either of these sums being variant from the amount set out in the declaration—and as it was a matter of description of the judgment appealed from, it was error to admit it in evidence.

APPEAL from the Circuit Court of Peoria county; the Hon. SABIN D. PUTERBAUGH, Judge, presiding.

Messrs. COOPER & MOSS, for the appellants.

Messrs. McCULLOCH & RICE, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It is first insisted that the court below erred in admitting the appeal bond in evidence upon which the suit was brought, because of a variance between it and that described in the declaration.    Upon a reference to the bill of exceptions in the record, we find it states that an appeal bond was offered in evidence by appellees, and to the reading of which appellants objected upon the ground of insufficiency and for a variance. But the bond is not copied into the record, and the clerk states that it was not found.    This being the case, the assignment of that error is not well taken.    Unless a copy of the bond was in the bill of exceptions, we are unable to say whether there was any well founded objection to its admission.  On the contrary, the presumption must be indulged that the court below decided correctly.  It is not enough to allege error, but it must be shown to exist before we can reverse.

It is next objected that the transcript of the justice of the peace was improperly admitted in evidence, because there is wanting a proper attestation.    The officer certifies, "that the foregoing transcript and papers contain a full statement of all the proceedings had before me."    The language of the statute is, that he shall certify it to be "a full and perfect statement," etc.    And the objection taken is, that the word "perfect" is omitted.    The omission of that word does not, in the slightest degree, affect the meaning of the certificate.  If the transcript is full it must be perfect, in the sense in which the term is employed.    In substance, this certificate is sufficient, and that is all the law requires.    It seems to us that it would be hypercritical to hold this certificate essentially defective for

the lack of the word in that connection.    This objection can not avail.

It is next objected that there was a variance between the judgment described in the declaration and that produced in evidence.    It is not claimed that there is any misdescription of the judgment itself, recovered before the justice of the peace, as that is accurately stated.    But the declaration avers that the defendants had not paid the judgment nor the costs recovered before the justice of the peace, nor the costs recovered in the circuit court on the dismissal of the appeal, amounting to the sum of $11.45.    On producing the fee bills, they showed $11.05 before the justice of the peace, and $7.45 in the circuit court, which sums, together with the judgment before the justice of the peace, with accruing interest, make the precise sum recovered in the court below.    The language of the declaration will bear no other construction than that the two fee bills united amounted to $11.45, and hence there is a variance of $7.05.    But if it could be held that the sum named was intended to apply to the costs of the circuit court, which is the last named before the amount, then there is a variance of $3.60.    So that in any view that can be taken of the case there was a material variance.    Or, if it should be contended that the amount of the justice's costs were not claimed in the declaration, then the court erred in assessing $11.05 too much damages.    And this variance is material, as the averment in the declaration is descriptive of the amount of the judgments for costs.    Had no amount been stated, then it might have been otherwise.    But for this error, the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*